UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS A. BETTS,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-211 DRL-MGG

JULIE LAWSON *et al.*,

    Defendants.

## OPINION AND ORDER

Marcus A. Betts, a prisoner without a lawyer, filed a complaint against two defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Betts, who is currently housed at the St. Joseph County Jail, alleges he was subjected to excessive force and denied medical treatment. He has sued Warden Julie Lawson and Deputy Bertrand for monetary damages. Specifically, Mr. Betts alleges that on March 20, 2021, Deputy Bertrand was attempting to place him in handcuffs in order to perform a shakedown of his cell because "they thought I had a fire in my cell." ECF 1 at 2. According to Mr. Betts, Deputy Bertrand "snatche[d]" him through the slot during the process, which resulted in Mr. Betts hitting his head and left "marks on [his] arm." *Id*. Mr. Betts asked for medical attention, but the officers never called for it.

It is unclear from the complaint whether, on the date of the incident, Mr. Betts was a pretrial detainee, protected by the Fourteenth Amendment's prohibition on objectively unreasonable force, *see Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), or whether he was already convicted and sentenced and thus protected by the Eighth Amendment's prohibition on force applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline," *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation omitted); *see Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (holding Eighth Amendment rights do not vest until sentencing).[1] Under the Fourteenth Amendment, Mr. Betts must show that the defendants acted with "a purposeful, a knowing, or possibly a reckless state of mind" and that the force used was "objectively

---

[1] In the section of the complaint asking when the event happened, Mr. Betts checked the box for "other" and wrote "serving a sentence and awaiting trial." ECF 1 at 4.

unreasonable" based on the "facts and circumstances of [his] case," whether or not defendants were subjectively aware their conduct crossed a line. *Kingsley*, 576 U.S. at 397 (quotation marks and citation omitted). Under the Eighth Amendment, defendants' subjective intent is relevant. *See Miller v. Peachy*, 744 F. App'x 951, 953 (7th Cir. 2018) ("[C]onduct that is merely unreasonable is insufficient to support an Eighth Amendment excessive-force claim.").

Here, Mr. Betts has not stated a plausible excessive force claim under either standard. He alleges the shakedown occurred because officers believed there was a fire in his cell. Although he indicates Deputy Bertrand snatched him during the cuffing process—which resulted in him bumping his head and leaving marks on his arm—without additional details it cannot be inferred that the use of force was objectively unreasonable. The possibility of a fire leads to a sense of urgency, which suggests that "snatching" someone to handcuff him quickly is a reasonable safety measure. Additionally, the complaint does not provide any details about the extent of his alleged injuries except to say that he bumped his head and had marks on his arm. Without more, this allegation doesn't plausibly move the needle to unreasonableness. *Kingsley*, 576 U.S. at 397; *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Iqbal*, 556 U.S. at 678 (facts must be sufficient so that a claim is "plausible on its face").

The lack of detail also precludes his claim that he has not received constitutionally adequate medical care. Even assuming (for purposes of this order only) the objective-

reasonableness standard of the Fourteenth Amendment applies, *see Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018), Mr. Betts's allegation that he asked for medical attention but "they" never called for it, is insufficient. He does not indicate when he asked for it, who he requested it from, or why he believes he was entitled to receive medical care at that time. His threadbare allegations do not state a plausible claim. *See generally Iqbal*, 556 U.S. at 678; *Atkins*, 631 F.3d at 832; *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("[T]he Constitution is not a medical code that mandates specific medical treatment.").

Moreover, Mr. Betts has not alleged that Warden Julie Lawson had any personal involvement in the matter. She cannot be held liable simply because she oversees the operations of the jail or supervises other correctional officers. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Thus, he has not stated any claims against her.

Although the current complaint states no valid claims, the court will give Mr. Betts the opportunity to file an amended complaint. *See Luevano*, 722 F.3d at 1022–25. If he chooses to do so, it should be done on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. The amended complaint must provide as much detail as possible about the events in question—explaining what happened, when it happened, where it happened, who was involved, how the events that transpired personally injured him, and the extent of his injuries. Of note, an amended complaint should only be filed if Mr. Betts believes the deficiencies set forth in this order can be rectified.

As a final matter, Mr. Betts indicates he has not used the grievance system to complain about these events because they are allegedly "not grievable at this prison or jail." ECF 1 at 4. Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Here, Mr. Betts has not provided an explanation as to why the events he complains of were allegedly not grievable. He should provide these details in in amended complaint.

For these reasons, the court:

(1) GRANTS Marcus A. Betts until **April 26, 2021**, to file an amended complaint as described above; and

(2) CAUTIONS Marcus A. Betts that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

March 30, 2021            *s/ Damon R. Leichty*
                          Judge, United States District Court